**STATE OF WEST VIRGINIA**

**FILED**

**January 17, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **M.D. and H.M.**

**No. 19-0417** (Taylor County 18-JA-48 and 18-JA-49)

**MEMORANDUM DECISION**

Petitioner Father J.D., by counsel Ira A. Richardson, appeals the Circuit Court of Taylor County's February 27, 2019, order terminating his parental rights to M.D. and H.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Allison C. Iapalucci, filed a response on behalf of the children, also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without imposing a less-restrictive dispositional alternative and erred in denying him post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2018, the DHHR filed an abuse and neglect petition against petitioner alleging that the children were in imminent danger due to petitioner's drug addiction and emotional abuse, which constituted abuse and/or neglect. Previously, on March 19, 2018, the nonabusing mother obtained a domestic violence protective order against petitioner based, in part, upon his emotional abuse of her and the children. In light of the protective order, the Family Court of Taylor County referred the matter to the DHHR, which then filed the underlying abuse and neglect petition.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

After petitioner waived his preliminary hearing, the circuit court proceeded with adjudication, where petitioner admitted that he abused methamphetamine daily for the preceding six months. He indicated that he previously used Subutex to manage his drug addiction, but stopped taking Subutex. Petitioner also admitted to emotionally abusing the mother and the children. The circuit court noted that the children reported hearing petitioner tell their mother that she should "go kill herself" and that petitioner made the mother cry. Additionally, the mother stated that she locked herself in the bedroom with the children to escape petitioner. Further, petitioner admitted to his recent incarceration for his third offense of domestic battery against the mother and his second offense of driving while under the influence of drugs or alcohol. The circuit court also noted that the domestic violence protective order issued by the family court would remain in effect for the next six months. The circuit court adjudicated petitioner as an abusing parent based upon his admissions by order entered in April of 2018. Petitioner requested a post-adjudicatory improvement period, and the circuit court granted his motion. Also, petitioner requested visitation with the children, and the circuit court awarded supervised visitation.

As part of the terms and conditions of his post-adjudicatory improvement period, petitioner was required to submit to random drug screens, seek substance abuse treatment, regularly communicate with the DHHR, attend multidisciplinary team ("MDT") meetings, and participate in supervised visitation with the children. Shortly after his adjudicatory hearing, petitioner moved to another county and failed to comply with any of the terms and conditions of his improvement period resulting in the cessation of his visitations with the children. In February of 2019, the circuit court held the final dispositional hearing, and petitioner failed to appear. The circuit court questioned petitioner's counsel on the record regarding petitioner's whereabouts, and his counsel indicated that petitioner knew of the hearing and had intended on appearing for the hearing "early." The circuit court reviewed the guardian's report recommending that petitioner's parental rights be terminated and that any award of post-termination visitation be supervised. Further, the DHHR's case plan recommended that petitioner's parental rights be terminated, citing petitioner's complete lack of compliance with the terms and conditions of his post-adjudicatory improvement period. The circuit court found that petitioner failed to regularly drug screen and the few times that he did screen revealed that he was positive for methamphetamine. Further, it found that petitioner failed to remain compliant with his MDT meeting attendance and the associated recommendations. Ultimately, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the best interest of the children to terminate petitioner's parental rights. Accordingly, his parental rights were terminated by order entered February 27, 2019. It is from the dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

---

[2]The permanency plan for the children is to remain in their nonabusing mother's custody.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court should not have terminated his parental rights and should have instead terminated his custodial rights, as the children were in the sole custody of their nonabusing mother. We disagree.

West Virginia Code § 49-4-604(b)(6) (2019) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is "[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected" includes one in which the parent has

not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

According to the record, petitioner failed to comply with any of the terms and conditions of his post-adjudicatory improvement period. Specifically, petitioner failed to drug screen regularly, keep in contact with the DHHR, participate in the MDT meetings and comply with the associated recommendations, or seek and attend drug rehabilitation for his admitted drug addiction. In fact, petitioner moved to another county, failed to remain in contact with the DHHR and its service providers, and failed to inquire about the welfare of his children. Clearly, petitioner failed to respond to or follow through with rehabilitative efforts designed to reduce or prevent the abuse and neglect of his children. Despite having been given substantial time and resources, petitioner did not make any progress. Additionally, on the few occasions petitioner submitted to drug screens, he tested positive for methamphetamines and otherwise failed to adequately acknowledge his issues with substance abuse. As such, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect in the near future, and that termination was necessary for the children's welfare. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

3

With regard to the argument that the circuit court should have granted petitioner a less-restrictive dispositional alternative pursuant to West Virginia Code § 49-4-604(b)(5)[3], we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Petitioner argues that the circuit court should have terminated only his custodial rights because the children were placed in the full custody of the nonabusing mother. However, we have previously held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further,

> simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve.

*Id.* at 344, 540 S.E.2d at 561. Accordingly, we find that petitioner is entitled to no relief in this regard.

Second, petitioner argues that the circuit court erred in denying him post-termination visitation due to his strong bonds with the children. We disagree. In regard to post-termination visitation, we have previously held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of

---

[3]Pursuant to West Virginia Code § 49-4-604(b)(5),

[u]pon a finding that the abusing parent or battered parent or parents are presently unwilling or unable to provide adequately for the child's needs, [a circuit court may] commit the child temporarily to the care, custody, and control of the state department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court.

appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). The record shows that the two children previously reported to the guardian that they heard petitioner verbally attacking their mother and that he also emotionally abused them. Further, petitioner's contact with the children during the proceedings was almost nonexistent as his supervised visitation was suspended due to his noncompliance with services. Finally, petitioner's failure to comply with his improvement period, his continued substance abuse issues, and his failure to address his violent and abusive behaviors toward the children demonstrated that post-termination visitation was contrary to the children's best interests. Therefore, the circuit court did not abuse its discretion in denying petitioner's request for post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 27, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: January 17, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5